## Lindsey et al. *versus* Reid.

1. In an action against a surety, a judgment recovered against the principal debtor is, in the absence of fraud or collusion, conclusive as to the amount of the indebtedness as against the surety.

2. A. having issued execution upon a judgment entered against B., an order of court was made in vacation staying the writ "until the next term," which order, by the rule of court applicable thereto, if not then objected to and rescinded by the court, was to stand in full force as an order of the court. A bond was given by B., with C. as surety to A., to indemnify him from all damages that might be sustained by reason of such stay of proceedings. Upon the first day of the next term a rule was granted to show cause why the judgment should not be opened, which rule was made absolute, and at that time the property remaining and embraced in the execution was sufficient to satisfy the judgment. On the trial a verdict was rendered for A. and judgment was entered thereon, prior to which time B. was adjudicated a bankrupt, and his property had entirely disappeared, none having ever come into the hands of his assignees. The order made in vacation was not objected to or rescinded by the court. In an action by A. against C. the surety upon his bond of indemnity: *Held* (reversing the judgment of the court below), that the condition of the bond referred to the stay, after, as well as before the first day of the next term, and that therefore the court erred in directing a verdict for the defendant.

November 20th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the court of Common Pleas of *Clarion county :* Of July Term 1882, No. 179.

This was an action of debt on a bond by Lindsey, Sterrit & Co., against John C. Reid, George T. Van Doren and Lewis Shanefelt, of whom only the first named was served. The defendant pleaded payment and nil debet.

On the trial, before JENKS, P. J., it appeared that in January 1877, the plaintiffs received from their debtor, one Sample, an antedated judgment note for $923 as security for their existing and future indebtedness for merchandise, with an agreement that if execution should be issued against him by any of his creditors, the plaintiffs might forthwith proceed to collect the whole of their claim, whether fully due according to their

previous course of dealing or not. A fi. fa. having been issued against Sample by one of his creditors in March 1877, the plaintiff entered judgment on the note, issued execution to April Term 1877, for the full amount of their claim, and levied on personal property sufficient to have satisfied the writ, but upon April 16th 1877 Sample made an assignment for the benefit of his creditors to George T. Van Doren who on April 18th 1877 presented his petition to an associate judge in vacation, praying that the judgment be opened and the defendant let into a defence. The writ was stayed " until the next term," in accordance with the following rule of court :—

"Any judge of the court in vacation, upon sufficient and satisfactory cause shown on oath or affirmation, may enlarge the time of declaring, pleading or doing any act required by a rule or the notice of the party. He may also hear objections to any writ, rule or order issued or taken, or offered to be issued or taken, and may hear applications for relief under the process, rules, or orders of the court, where the same cannot be delayed without prejudice to the party, and make such order thereon, as to him shall appear reasonable and just, which order shall be binding until the next term ; and if not then objected to and rescinded by the court, shall stand in full force as an order of the court."

On April 23d 1877, the first day of the next term, a rule to show cause, &c., as prayed for was granted, and on July 10th 1877, was made absolute. The issue thus formed was tried in March 1879, and resulted in a verdict and judgment for plaintiffs for $822.

When the order staying execution was obtained, the bond of indemnity (on which this suit was brought) was given by the defendants, the condition thereof being: " The condition of this obligation is such, that whereas, the above bounden George T. Van Doren is the assignee, under a deed of assignment of the defendant in the above case, and has presented a petition to said court praying that the within named Lindsey, Sterrit &. Company be enjoined from all further proceedings in the above entitled writ of fieri facias, &c. Now, if the said defendants indemnify the said plaintiff from all damages that may be sustrined by reason of such injunction, or stay of proceedings, then this obligation shall be null and void, otherwise to be and remain in full force and virtue."

The order staying the writ was not objected to nor rescinded. On July 10th 1877 (when the rule to open judgment was made absolute) there was sufficient personalty subject to the writ of fi. fa. to have satisfied it, but pending the issue between plaintiffs and the defendant in the original judgment, it entirely disappeared, and when the issue was finally determined, noth-

ing could be realized from the defendant or his assignee. Sample, moreover, in August 1878, filed a petition in bankruptcy, proceedings in which were still pending.

The plaintiffs requested the court to charge, inter alia, as follows :

3. If the jury find from the evidence that the levy or so much thereof as was sufficient to satisfy the claim of the plaintiffs remained at the time the court opened the judgment, on the 10th day of July 1877, and the plaintiffs had done no act releasing their lien of the writ on the property levied upon, the surety John C. Reid, defendant in this case, has no right to complain, and would not thereby be discharged from the obligation of his bond.

Answer. "We answer that point in the affirmative, as qualified and explained by the defendant's third point, and our answer to the same." (First assignment of error.)

4. That the order made by the Hon. JAMES SWENY, Associate Judge of the Court of Common Pleas of Clarion county, made at chambers on the 18th day of April, A. D. 1877, enjoining the execution of the writ of fieri facies, No. 221, April term 1877, in case of Lindsey, Sterrit & Co. *v.* D. M. Sample, was continued and remained in full force after the next term by virtue of the order of court granting a rule to show cause, in said case, under and by virtue of rule of court No. 183. Refused. (Second assignment of error.)

7. That the recovery in the absence of fraud or collusion on the trial of the case of plaintiffs *v.* D. M. Sample, after judgment had been opened, is and was, conclusive evidence of amount of indebtedness from D. M. Sample to plaintiffs, as against the surety, John C. Reid, defendant in this case. Refused. (Third assignment of error.)

The defendant requested the court, inter alia, to charge as follows :

3. The plaintiffs' execution was stayed only till the first day of the next term of court, being the 23d day of April, a period of five days, and there was no further action or order of court restraining the plaintiffs from proceeding to collect their money, until the 10th day of July, a period of two and a half months thereafter, and if the plaintiffs could have made their money by proceeding to a sheriff's sale of the property levied on, at any time between the 23d of April and the 10th of July 1877, and omitted to do so the verdict must be for the defendant.

.To which the court answered :—Under the admissions of the counsel on both sides in this case that the property included in the levy on the writ on the 23d of April 1877, and up to the 10th of July 1877, was sufficient to make the money and the satisfaction of the debt, interest and costs, as thus qualified, and in connection with that admission, we answer that point in the

affirmative. Therefore, there is nothing to submit to you; the admission removed all facts from you. We will take a verdict for defendant." (Fourth assignment of error.)

Verdict and judgment for defendant; whereupon, plaintiffs took this writ, assigning for error the answers of the court to the points as above noted.

*W. L. Corbett* (with him *James Campbell,* and *Jos. H. Patrick*), for plaintiffs in error.—A contract is to be construed strictly as to sureties, but yet they are as much bound by the true intent and meaning of the contract as their principals: Roth v. Miller, 15 S. & R. 100. And when parties covenant for the results and consequences of a suit between others, the decree or judgment in such suit will be conclusive evidence against them, although they were not parties to it : Rapelye v. Prince, 4 Hill 119 ; 1 Greenl. Ev. sec. 523 ; Cutler v. Southern, 1 Saunders 116 ; Kip v. Brigham, 6 Johns. 158 ; Same v. Same, 7 Johns. 169 ; Musselman v. Commonwealth, 7 Pa. St. 240 ; Winsor v. Farmers' & Mechanics' Nat. Bank of Rochester, 32 P. F. S. 304.

In official bonds, and bonds of indemnity, the judgment against the principal is conclusive against the surety where by the terms of his undertaking the surety submits himself to the acts of the principal, and the judgment is itself a legal consequence falling within the scope of the suretyship : Giltinan v. Strong, 64 Pa. St. 246.

Under the facts in this case, mere delay in not issuing an alias writ would not discharge the surety. Had such been issued, it would have been stayed on the very bond of this surety then on file, and most probably at the cost of plaintiffs. Mere forbearance by a creditor to the principal debtor, however, prejudicial to the surety, will not discharge the surety. The surety has the power in all proper cases to hasten the principal creditor, and it is his duty so to do when he seeks a discharge from liability, Where the surety omits to give notice he is not discharged : Pittsburg, Ft. Wayne & Chicago Railway Co. v. Shaeffer, 59 Pa. St. 350, 353, 356 ; Morrison v. Hartman, 14 Pa. St. 55 ; United States v. Simpson, 3 P. & W. 439 ; Cathcart's Appeal, 1 Harris 416.

*B. J.* and *A. B. Reid,* for defendants in error.—On the filing of the bond the order of the court (per SWENY, Associate Judge) was, that the writ be "stayed until the first Monday of next term." The stay then expired by its own terms ; and for seventy-eight days thereafter there was no stay or injunction whatever, and there was ample property all that time in the plaintiffs' control out of which they could have made their

[Lindsey *v.* Reid.]

money if they had chosen to do so.   The order staying the writ till the term did not release the lien of the levy : Batdorff *v.* Focht, 8 Wr. 195 ; Bain *v.* Lyle, 18 P. F. S. 60.   This is in accordance with the practice in Clarion county under this rule of court ; and the court below is the best interpreter of its own rules : Frank *v.* Calhoun, 9 Smith 381.   The judgment obtained against Sample is not conclusive against the present defendant.   Reid, the surety was no party to the suit.   He had no right to adduce or cross-examine witnesses, to control the proceedings or to appeal : Giltinan *v.* Strong, 14 P. F. Smith 242.   The distinction as to official bonds and bonds of indemnity, noted by AGNEW, J., in the concluding portion of the opinion in Giltinan *v.* Strong, is cited against us in the argument for plaintiffs in error—but an examination of the only case cited by the learned justice (Masser *v.* Strickland, 17 S. & R. 354), which speaks of bonds of indemnity, will show that the distinction exists only where the contracting party agrees to indemnify another against a suit to be brought against the party indemnified, and where the party indemnified may therefore call upon the obligor and his sureties in the bond of indemnity to appear and defend him in the impending action—and has no application to a case like this, where it would be absurd to suppose that the parties indemnified could call on the sureties in this bond to defend or assist them in their suit against Sample : Jackson *v.* Griswold, 4 Hill 530 ; Huzzard *v.* Nagle, 4 Wright 178 ; Barber *v.* Wolcott, 3 Harris 57 ; Commonwealth *v.* Reitzel, 9 W. & S. 109.

Mr. Justice STERRETT delivered the opinion of the court, December 30th 1882.

The questions involved in this contention will be more readily understood by briefly referring, in limine, to the facts upon which they arise.

In January 1877, the plaintiffs received from their debtor, D. M. Sample, an antedated judgment note for $923, as security for then existing as well as thereafter to be incurred indebtedness for bills of merchandise, with an agreement, as they allege, that if execution should be issued against him, by any of his creditors, the plaintiffs might forthwith proceed to collect the whole of their claim, whether fully due, according to their previous course of dealing, or not.   A testatum fieri facias having been issued against Sample by one of his creditors in March 1877, the plaintiffs entered judgment on the note, issued execution for the full amount of their claim, and levied on personal property, sufficient to have satisfied the writ ; but, on petition to an associate judge, in vacation, praying that the judgment be opened and defendant let into a defence, the writ

was stayed. On the first day of April Term 1877, a rule to show cause, etc., as prayed for, was granted, and in July following it was made absolute. The issue thus formed was tried in March 1879, and resulted in a verdict and judgment in favor of plaintiffs for $822.

When the order staying execution was obtained, the bond of indemnity on which this suit was based was given for the purpose therein stated. After reciting that a petition had been presented to court, praying that the plaintiffs "be enjoined from all further proceedings" on their writ, the condition of the bond is that if the defendant in the execution and Van Doren, his assignee, under deed of voluntary assignment for the benefit of creditors, shall "indemnify the said plaintiffs from all damages that may be sustained by reason of such injunction or stay of proceedings, then this obligation shall be null and void, otherwise to be and remain in full force and virtue." Pending the issue, between plaintiffs and the defendant in the original judgment, the property that had been levied on disappeared; and, when the issue was finally determined, nothing could be realized either from the defendant therein or his assignee. This suit was then brought on the bond of indemnity to recover damages occasioned by the stay of proceedings.

The main ground of defence is presented in the point embraced in the fourth specification of error, viz: "The plaintiffs' execution was stayed only until the first day of the next term, and there was no further action or order of court restraining them from proceeding to collect their money until the 10th day of July, a period of two and a half months thereafter; and, if plaintiffs could have made their money by proceeding to a sheriff's sale of the property levied on, at any time between the 23d of April and the 10th of July 1877, and omitted to do so, the verdict must be for the defendant." In connection with the admission of counsel, that the property embraced in the levy was of sufficient value, at any time between the last mentioned dates, to have satisfied the execution, the learned judge affirmed the point and directed a verdict for the defendant. In this, as also in his answer to the plaintiffs' points, covered by the first two assignments of error, which substantially embody the converse of the foregoing proposition, we think there was error.

The order made at chambers, staying the execution "until the first Monday of next term," must be considered in connection with the rule of court authorizing any judge, in vacation, to entertain applications for relief against process, etc., and make such orders therein as to him may appear just and reasonable. The rule expressly provides that an order so made, staying execution and the like, "shall be binding until the next term; and, if not then objected to and rescinded by the court,

shall stand in full force as an order of the court." An essential part of the relief, prayed for and obtained in this case, was a stay of execution not only until the rule to show cause was obtained, but until it was disposed of by opening the judgment and letting the defendant into a defence. Filing the bond of indemnity, with approved security, was made a condition precedent to the order staying execution ; and it was evidently intended to apply to the stay after as well as before the first day of the next term. The order made at chambers was neither objected to nor rescinded by the court, and therefore, by the express terms of the rule, it became an order of the court, and as such continued in full force. It was unquestionably so regarded by both parties while the application to open the judgment was pending. If, in the meantime, the plaintiffs had attempted to proceed with their execution, it might have been objected on behalf of the defendant in the writ, that by direction of the associate judge, in vacation, he had given bond with approved sureties conditioned to indemnify the plaintiffs against all damages they might sustain by reason of the stay of proceedings ; and that the order, not having been rescinded as contemplated by the rule above quoted, became and continued, by virtue thereof, to be an order of court, staying proceedings until the issue was determined. This objection would have been unanswerable, and the plaintiffs would have been compelled to desist. We are therefore of opinion that the learned judge erred in his answer to the plaintiffs' third and fourth points respectively ; and also in affirming defendants' third point and directing a verdict for the defendant.

The third specification of error is also sustained. The plaintiffs' seventh point therein referred to contains a correct statement of the law applicable to a case like the present, and it should have been affirmed.

Judgment reversed and a venire facias de novo awarded.